**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**ANTWAINE LAMAR MCCOY,**

    Petitioner,

v.                                                                                                  Civil Action No. **3:18CV295**

**J. RAY ORMOND,**

    Respondent.

**MEMORANDUM OPINION**

Petitioner, a federal inmate proceeding *pro se*, submitted this 28 U.S.C. § 2241 Petition challenging his sentence for his firearm conviction. ("§ 2241 Petition," ECF No. 1.) Petitioner contends that he was improperly sentenced under the Armed Career Criminal Act ("ACCA")[1] because *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011) and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) "disqualify Petitioner's NC controlled substance predicates from qualifying toward an increased statutory sentence under the ACCA." (§ 2241 Pet. 3.)[2] The Government filed a Motion to Dismiss. (ECF No. 17.) For the reasons set forth below, the Government's Motion to Dismiss will be GRANTED, and the Court declines to review Petitioner's firearm sentence under the concurrent sentence doctrine.

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. In reciting the procedural history, the Court omits any second level citations to the documents in Petitioner's criminal case.

## I. Pertinent Procedural History

Petitioner was charged in the Western District of North Carolina ("Sentencing Court") with, *inter alia*, possession with intent to distribute cocaine (Count One), and with being a felon in possession of a firearm (Count Three). *McCoy v. United States*, No. 3:03–CR–00064–RLV, 2012 WL 2872105, at *1 (W.D.N.C. July 12, 2012), *aff'd*, 589 F. App'x 169 (4th Cir. 2015). "On or about August 13, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner of his previous convictions for possession with intent to sell or deliver cocaine, both in Mecklenburg County Superior Court in 1992 and 1993." *Id.*

> Thereafter,
>
> Petitioner entered into a Plea Agreement with the government wherein he agreed to plead guilty to Counts One and Three in return for the Government's agreement to dismiss the remaining counts. Petitioner stipulated that the amount of cocaine involved in Count One was "known or reasonably foreseeable by the defendant [to be] **at least 500 grams but less than 2 kilos.**" Petitioner further stipulated that his criminal history qualified him as Armed Career Criminal, and as such, he would be sentenced to a minimum term of 15–years for [his] conviction of Count Three. The Plea Agreement also provided that Petitioner agreed to waive his right to bring a Section 2255 action challenging his conviction or sentence except on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct.
> On June 16, 2004, Petitioner appeared with counsel before the magistrate judge for his Rule 11 hearing. Following a lengthy and thorough colloquy, the magistrate judge accepted Petitioner's plea of guilty to Counts One and Three. On February 14, 2005, Petitioner appeared with counsel before the Court for his sentencing hearing and was sentenced to 262–months imprisonment for conviction of Count One and Count Three with both sentences to run concurrently.

*Id.* Additionally, the Sentencing Court sentenced Petitioner to eight years of supervised release on Count One to run concurrent with the five-year term of supervised release imposed on Count Three. *United States v. McCoy*, 3:03CR64, ECF No. 26, at 3 (W.D.N.C. Mar. 15, 2005.) In the years that followed, Petitioner filed a number of unsuccessful challenges to his sentence. (*See* ECF No. 17, at 5–7.) Included in these challenges was Petitioner's claim that, "[i]n light of *United States v. Simmons*, [635 F.3d 140 (4th Cir. 2011)] McCoy's North Carolina drug convictions

2

. . . are not within the definition of 'serious drug offense' of 18 USC § 924(e) and may not serve as predicates for an enhanced Armed Career Criminal sentence." Petitioner McCoy's Response to the United States' Motion to Dismiss and Answer to Motion Under 28 USC § 2255 (ECF No. 14), at 25, *McCoy v. United States*, 3:09–cv–461–RLV (W.D.N.C. filed Sept. 9, 2011).

In 2018, Petitioner filed the present § 2241 Petition wherein he once again argues that in the wake of *Simmons* his North Carolina drug convictions do not qualify as serious drug convictions for purposes of the ACCA, as it relates to his sentence on Count Three.[3]

## II. Concurrent Sentence Doctrine

"The concurrent sentence doctrine rests on the same rationale underlying harmless-error review — namely, the recognition that to help promote the overall functioning of our justice system, courts should 'conserve judicial resources by . . . cleans[ing] the judicial process of prejudicial error without becoming mired in harmless error.'" *United States v. Charles*, 932 F.3d 153, 158 (4th Cir. 2019) (alteration in original) (quoting *United States v. Hasting*, 461 U.S. 499, 501 (1983)). The United States Court of Appeals for the Fourth Circuit recently explained:

> The "concurrent sentence doctrine" authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as there *is no substantial possibility* that the unreviewed sentence will adversely affect the defendant or, stated otherwise, so long as it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving it unreviewed. . . . [W]e find that this standard is satisfied when the only potential harm to the defendant is grounded on unrealistic speculation.

*Id.* at 155.

In *Charles*, the district court classified the defendant "as both a career offender and an armed career criminal. It then sentenced him to 360 months' imprisonment and 10 years of

---

[3] In the present petition, Petitioner does not specifically challenge his sentence for Count One.

3

supervised release on the drug-trafficking offense and 360 months' imprisonment and 3 years of supervised release on the firearm offense, with both sentences to run concurrently." *Id.* at 156. Thereafter, the defendant filed a 28 U.S.C. § 2255 motion challenging his sentence on both his drug-trafficking and firearm convictions. *Id.* The district court denied the 28 U.S.C. § 2255, noting the defendant's

> challenge to his career offender status had been foreclosed by *Beckles* [*v. United States*, 137 S. Ct. 886 (2017)] and therefore that his 360-month sentence on the drug-trafficking offense was valid. And second, invoking the concurrent sentence doctrine, the court declined to decide whether [the defendant's] 360-month term of imprisonment for his firearm conviction was invalid under [*Johnson v. United States*, 135 S. Ct. 2551 (2015)] because [the defendant] had been validly sentenced to the same term for his drug-trafficking offense and the two terms of imprisonment were imposed concurrently.

*Id.* at 157.

The defendant insisted the concurrent sentence doctrine should not apply because there was a possibility that leaving the firearm sentence unreviewed could adversely affect him if he violated the terms of his supervised release. *Id.* at 161. "Specifically, he describe[d] a situation where, after serving a 30-year term of imprisonment and being released from prison when he [was] nearly 60 years old, he would commit a violation of his supervised release within the first three years of his release — the period during which he would be serving two concurrent terms of supervised release on the two sentences." *Id.* The Fourth Circuit concluded that the defendant's hypothetical scenario was too speculative to preclude the application of the concurrent sentence doctrine and emphasized "his posited adverse effect would be entirely within his ability to avoid."[4]

---

[4] In order for the defendant to be adversely affected under his scenario it required the alignment of the following events:

> (1) that [the defendant] commit a violation of his supervised release; (2) that his violation occur in the 3-year window after his release from prison when he would be serving both release terms; (3) that his violation be extraordinarily serious; (4) that the court find the Guidelines' recommendation of 51 to 63 months'

4

*Id.* The Fourth Circuit agreed with the Eighth Circuit that "the adverse consequences are entirely within [his] control to avoid. Literal application of such speculative consequences, resting upon a supposition of [the defendant's] continued criminality, would effectively bar the application of the concurrent sentence rule." *Id.* (alterations in original) (quoting *Eason v. United States*, 912 F.3d 1122, 1124 (8th Cir. 2019)).

Here, Petitioner's situation is almost identical to the defendant in *Charles.* He received identical concurrent terms of imprisonment on his drug and firearm convictions. His term of supervised release on his valid drug sentence is longer than the term of supervised release on firearm sentence that he wishes to challenge. Petitioner fails to advance any possibility that leaving his firearm sentence unreviewed could adversely affect him except for the chance that if he violated the terms of his supervised release the unreviewed firearm sentence would allow the district court to impose a longer term of imprisonment for violating his term of supervised release. (ECF No. 18, at 8.) Under these circumstances, "it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving [his firearm sentence] unreviewed." *Id.* at 155. "[T]he only potential harm to [Petitioner] is grounded on unrealistic speculation" about Petitioner violating his supervised release," *id.*, and that "posited adverse effect would be entirely within his ability to avoid." *Id.* at 161. Accordingly, the Court finds the concurrent sentence doctrine applies and declines to review Petitioner's firearm sentence.

---

        imprisonment for the most serious violation to be insufficient to punish the violation; and (5) that the court find it necessary to issue a variance sentence that would be at least 22 months longer than the highest recommended sentence to reach a sentence in excess of 84 months' imprisonment.

*Charles*, 932 F.3d at 161.

### III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 17) will be GRANTED. McCoy's § 2241 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: <u>26 May 2020</u>
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge